Cheshire
No. 2009-234

THE STATE OF NEW HAMPSHIRE

v.

BRYAN T. FARR

Argued: March 31, 2010
Opinion Issued: October 19, 2010

*Michael A. Delaney*, attorney general (*Susan P. McGinnis*, senior assistant attorney general, on the brief and orally), for the State.

*Stephanie Hausman*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

BRODERICK, C.J. The defendant, Bryan T. Farr, appeals his convictions, following a bench trial in Superior Court (*Arnold*, J.), for one felony count of delivering or providing any visual representation of a child engaging in sexual activity, *see* RSA 649-A:3, I(a) (2007) (amended 2008), and one felony count of possessing or controlling any visual representation of a child engaging in sexual activity, *see* RSA 649-A:3, I(e) (2007) (amended 2008). We remand.

The defendant was indicted on one count of possessing and one count of delivering child pornography. The indictment for possessing child pornography alleged that the defendant knowingly "possessed and/or had under his control a visual representation, in the form of a computer image/picture (file name: 2 cute little boys having fun), of a child engaged in the sexual act of masturbation with another male." The indictment for delivering child pornography alleged that the defendant knowingly "delivered and/or provided, over the Internet via real-time chat (video conferencing), a visual representation, in the form of a computer image/picture (file name: 2 cute little boys having fun), of a child engaged in the sexual act of masturbation with another child."

Before trial, the defendant moved to dismiss these charges on the ground that to prosecute him for both violated his right to be shielded from multiple punishments for the same offense under the Double Jeopardy Clauses of the State and Federal Constitutions. *See* N.H. CONST. pt. I, art. 16; U.S. CONST. amends. V, XIV. The State objected, and the trial court held a hearing at which it heard evidence that on July 13, 2006, the defendant had an online conversation with Detective James McLaughlin of the Keene Police Department. The defendant was in his home in Swanzey, while the detective was in Keene. During the conversation, the defendant used his webcam to film a video clip as it was playing on his computer. The video clip was entitled "2 cute little boys having fun." The defendant transmitted the video clip to the detective via the Internet, and the video

clip was then displayed on the detective's computer screen. When the image appeared on the detective's computer screen, he clicked the "Print Screen" button, which captured a picture of the image on his screen, and then saved the picture to a Microsoft Word document. The detective testified that it was not possible to save the entire video clip as it was playing in real time on his computer.

The next day, the Keene Police Department executed a search warrant at the defendant's Swanzey residence and, among other items, seized a computer containing a compact disc labeled "Porn." Upon review of the disc, the police discovered numerous pornographic images and videos, including the video clip entitled "2 cute little boys having fun." This was the same video clip that the defendant had previously transmitted to the detective.

The trial court found that the indictment for delivering child pornography was based upon the defendant's delivery to the detective of the video clip via his webcam and the Internet. The trial court found that the indictment for possessing child pornography was based upon the defendant's possession of the video clip contained on his compact disc.

The trial court ruled that it did not violate double jeopardy to punish the defendant for both offenses because the two charges required different evidence and occurred on different dates: "For the delivery indictment, the State would be required to present evidence of the defendant sending the picture via his webcam to [the] [d]etective . . . on July 13, 2005. Such evidence would necessarily include [the] [d]etective['s] . . . saved portion of the video clip." By contrast, the trial court noted, "[f]or the possession indictment, the State would be required to introduce the compact disc containing the video clip, which was discovered on July 14, 2005." The trial court ruled that because "the facts supporting the possession indictment would not sustain the delivery indictment" and vice versa, punishing the defendant for committing both offenses did not violate his rights against double jeopardy under the State and Federal Constitutions. The court, therefore, denied the defendant's motion to dismiss, and the case proceeded to a bench trial.

For the purposes of the bench trial and this appeal, the defendant stipulated that he possessed or had under his control a visual representation of a male engaged in the sexual act of masturbation with another male and that he delivered and/or provided this same representation over the Internet. The defendant also stipulated that he believed that the males depicted in the visual representation were younger than sixteen years of age. Accordingly, the only issue for trial was whether the males depicted in the video clip actually were younger than sixteen years of age. *See* RSA 649-A:2, I (2007) (amended 2008). To meet its burden of proof on this issue,

the State offered a copy of the video as well as the testimony of an expert. The trial court ruled that the expert's testimony was inadmissible and declined to consider it. Relying upon its own review of the video, however, the court found that it depicted at least one child under the age of sixteen, and, thus, that the State had met its burden of proof.

On appeal, the defendant first argues that the trial court erred by denying his motion to dismiss. This argument presents a question of constitutional law, which we review *de novo. State v. Flood*, 159 N.H. 353, 355 (2009). We first address the defendant's claim under the State Constitution, *State v. Ball*, 124 N.H. 226, 231 (1983), citing opinions from federal and state jurisdictions for guidance only, *id.* at 233.

Part I, Article 16 of the State Constitution provides, in pertinent part, that "[n]o subject shall be liable to be tried, after an acquittal, for the same crime or offense." This provision protects a defendant's right in three ways: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *See Petition of State of N.H. (State v. Johanson)*, 156 N.H. 148, 156 (2007). The defendant asserts a violation of the third category of protections.

Under the New Hampshire Constitution, "[t]wo offenses will be considered the same for double jeopardy purposes unless each requires proof of an element that the other does not." *State v. McGurk*, 157 N.H. 765, 773 (2008) (quotation and brackets omitted). We focus upon whether proof of the elements of the crimes as charged will in actuality require a difference in evidence. *State v. Ford*, 144 N.H. 57, 65 (1999). "In making this inquiry, we review and compare the statutory elements of the charged offenses in light of the actual allegations contained in the indictments." *State v. Liakos*, 142 N.H. 726, 730 (1998) (quotation omitted).

The defendant argues that the possession and delivery charges are the same for double jeopardy purposes because the possession offense as charged is a lesser included offense of the delivery offense as charged and both offenses derive from the same criminal act. *See State v. McKean*, 147 N.H. 198, 200 (2001); *see also Brown v. Ohio*, 432 U.S. 161, 168 (1977). To convict the defendant of the possessing child pornography charge, the State had to prove, beyond a reasonable doubt, that he possessed or had under his control any visual representation of a child engaging in sexual activity. *See* RSA 649-A:3, I(e). As charged in the indictment, the State had to prove specifically that he knowingly possessed and/or had under his control "a visual representation, in the form of a computer image/picture (file name: 2 cute little boys having fun)." Thus, the elements of the offense as charged

were: (1) knowingly; (2) possessing or controlling; (3) a specific visual representation, in the form of a computer image/picture, of a child engaging in sexual activity.

To convict the defendant of the delivering child pornography charge, the State had to prove, beyond a reasonable doubt, that he delivered or provided any visual representation of a child engaging in sexual activity. *See* RSA 649-A:3, I(a). As charged in the indictment, the State specifically had to prove that the defendant knowingly delivered and/or provided the visual representation "over the Internet via real-time chat (video conferencing)" and that the visual representation was "in the form of a computer image/picture (file name: 2 cute little boys having fun)." The elements of this offense as charged were thus: (1) knowingly; (2) delivering or providing; (3) over the Internet via real time chat (video conferencing); (4) a specific visual representation, in the form of a computer image/picture, of a child engaging in sexual activity.

The only difference between the two charges is that one required proof that the defendant possessed or controlled the specific visual representation at issue and the other required proof that he delivered or provided it over the Internet via real time chat (video conferencing). The possessing pornography charge is a lesser included offense of the delivering pornography charge if, as the defendant contends, delivering pornography necessarily encompasses possessing or controlling it. In other words, if, as the defendant argues, proof that he delivered the video clip necessarily constitutes proof that he possessed or controlled it, the possession charge is a lesser included offense of the delivery charge. *See State v. Constant*, 135 N.H. 254, 256-57 (1992).

We agree with the defendant that the possession charge in this case was a lesser included offense of the delivery charge. Here, the defendant was charged with "delivering" the same video clip that he "possessed" and/or "controlled." Moreover, for purposes of both trial and appeal, the defendant stipulated, among other things, that he delivered and/or provided the very same visual representation that he possessed and/or had under his control. Thus, in this case, according to the indictments and stipulated evidence, proof that the defendant delivered or provided the video clip necessarily also established that he possessed or had under his control the same video clip. *See Mason v. State*, 532 N.E.2d 1169, 1172 (Ind.) ("Possession of a narcotic drug is an inherently included lesser offense of dealing a narcotic drug, inasmuch as it is impossible to commit the greater offense without committing the lesser offense."), *cert. denied*, 490 U.S. 1049 (1989); *State v. Bertsch*, 707 N.W.2d 660, 664-66 (Minn. 2006) (possession of pornographic work involving minor was lesser included

offense of disseminating same work); *State v. Kamaka*, 277 S.W.3d 807, 815 (Mo. Ct. App. 2009) (possessing child pornography is lesser included offense of disseminating it because under facts presented, it was impossible to disseminate child pornography without first possessing it); *cf. People v. Flaar*, 852 N.E.2d 338, 341-42 (Ill. App. Ct. 2006) (transferring image via e-mail attachment and retaining copy of image on hard drive for more than month are separate and distinct acts of possession; thus, prosecuting defendant for both acts does not violate double jeopardy), *appeal denied*, 861 N.E.2d 658 (Ill. 2006).

We need not decide whether possession and/or control of child pornography under RSA 649-A:3, I(e) is *always* a lesser included offense of delivering child pornography under RSA 649-A:3, I(a). *Cf. Ford*, 144 N.H. at 66 (theft is a lesser included offense of robbery). Rather, we hold only that the possession charge at issue is a lesser included offense of the delivery charge at issue in light of the manner in which the State charged the offenses and the stipulated evidence. *See Constant*, 135 N.H. at 256-57.

█ This does not conclude our double jeopardy analysis, however, for it violates double jeopardy to punish a defendant for both a lesser included and greater offense only if both derive from the same criminal act. *Ford*, 144 N.H. at 66. A criminal act "consists of the sum of discrete actions that together constitute an offense." *Id.*

The defendant argues that, in this case, he is charged with committing a single criminal act, delivering a video clip that he possessed and controlled. He further asserts that possession is a continuing offense in that his original possession on the day he delivered the video clip and his continued possession the next day were not separate volitional acts. Therefore, he reasons, the possession and delivery offenses derive from the same criminal act.

Although this is an issue of first impression in New Hampshire, "other jurisdictions have held that uninterrupted possession of the same contraband over a period of time is but one offense constituting a continuing course of conduct, precluding convictions of multiple offenses for possession of the same contraband on different dates." *Fulcher v. Com.*, 149 S.W.3d 363, 376 (Ky. 2004). *United States v. Jones*, 533 F.2d 1387 (6th Cir. 1976), *cert. denied*, 431 U.S. 964 (1977), is "[t]he most often cited case on [this] issue." *Id.* In *Jones*, the United States Court of Appeals for the Sixth Circuit ruled that it violated double jeopardy for the defendant to be punished for possessing a firearm on one date in 1970 and for possessing the same firearm three years later. *Jones*, 533 F.2d at 1389-92. The Sixth Circuit held that "[p]ossession is a course of conduct, not an act," and that "by prohibiting possession Congress intended to punish as one offense all

of the acts of dominion which demonstrate a continued possessory interest in a firearm." *Id.* at 1391. The Sixth Circuit reasoned that were the rule otherwise, the defendant could have been charged "with possession on more than 1100 separate days" and could have been imprisoned for the rest of his life. *Id.*

Several jurisdictions have similarly held that uninterrupted possession of a single item constitutes one continuous offense. *See United States v. Rivera*, 77 F.3d 1348, 1351 (11th Cir.) ("Where there is no proof that possession of the same weapon is interrupted, the Government may not arbitrarily carve possession into separate offenses."), *cert. denied*, 517 U.S. 1250 (1996); *United States v. Horodner*, 993 F.2d 191, 193 (9th Cir. 1993) (uninterrupted possession of firearm constitutes single offense); *United States v. Kimberlin*, 781 F.2d 1247, 1254 (7th Cir. 1985) (five-day period of unlawfully possessing department of defense patch was one continuous offense; thus, multiple punishments violated double jeopardy), *cert. denied*, 479 U.S. 938 (1986); *Fulcher*, 149 S.W.3d at 377 (under Kentucky statute, continuing course of conduct may be carved into separate offenses only if it has been interrupted by legal process; because appellant's arrest was legal process, possession of aluminum foil "boat" before and after arrest constitute separate offenses); *Johnson v. Morgenthau*, 505 N.E.2d 240, 242-43 (N.Y. 1987) (uninterrupted possession of weapon over six days is continuous offense supporting one prosecution for criminal possession); *State v. Zele*, 716 A.2d 833, 837 (Vt. 1998) (possession of marijuana is continuing offense); 1 W. LaFave, Substantive Criminal Law § 6.1(e) at 430 n.46 (2d ed. 2003).

■ When a controlled substance is involved, courts "have determined that separate convictions for possession of the same controlled substance will not violate the Double Jeopardy Clause if the possessions are sufficiently differentiated by time, location, or intended purpose." *Rashad v. Burt*, 108 F.3d 677, 681 (6th Cir. 1997), *cert. denied*, 522 U.S. 1075 (1998), *holding limited by United States v. Forman*, 180 F.3d 766, 769-70 (6th Cir. 1999); *see United States v. Johnson*, 977 F.2d 1360, 1374 (10th Cir. 1992) (separate punishments warranted for defendant's possession of one narcotic supply for sale and another supply for personal use), *cert. denied*, 506 U.S. 1070 (1993); *Com. v. Rabb*, 725 N.E.2d 1036, 1043-44 (Mass. 2000) (no double jeopardy violation to punish defendant for possessing cocaine in his home, which he actively sold to buyers, and possessing cocaine in his motel room, which he intended for future sales; possessions differentiated by location and purpose); *cf. Bertsch*, 707 N.W.2d at 664 (inquiry into whether two offenses are separate criminal acts is analogous to inquiry into whether multiple offenses constitute single behavioral incident under Minnesota

statute; factors to examine include time, place and whether segment of conduct was motivated by effort to obtain single criminal objective). These factors are "meant to be disjunctive, with no one determinative factor." *Rabb*, 725 N.E.2d at 1043.

We applied a similar formulation in *Ford*, 144 N.H. at 67, when determining whether the defendant's robbery of a store clerk and theft of jewelry from the store derived from the same criminal act. Although the offenses occurred during a single event, we concluded that the robbery of the clerk and theft from the store constituted two distinct acts because each involved different property and were separated in time and space. *Ford*, 144 N.H. at 67.

Keeping in mind that "[t]he Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units," *Brown*, 432 U.S. at 169, we, nonetheless, adopt the *Rashad* formulation for the purposes of this appeal and hold that possessing a single visual representation of child pornography, here the video clip of the two males, may be considered separate possessions only if the evidence indicates that the possessions are separated in space or time or that they were intended for different purposes or transactions. *See State v. Quick*, 206 P.3d 985, 992 (N.M. 2009) (Maes, J., specially concurring). Close proximity in space and time "is indicative of unitary conduct." *Id.* Likewise, lack of evidence indicating that the defendant had a separate intent or purpose with regard to his possessions of the single visual representation is not necessarily fatal to the determination that the possessions were separate, "but, in the absence of other factors, is strongly corroborative of unitary conduct." *Id.*

Here, the defendant's possession of the video clip was uninterrupted, and, thus, his possession was a continuing offense. There is nothing to differentiate the defendant's possession of the video clip on his compact disc when he transmitted the video clip to the detective and when the police seized the compact disc the next day. According to the indictments as charged and to the stipulated evidence, the same compact disc forms the basis of both the delivery and possession charges. Moreover, there is no evidence that the defendant had a different intent with regard to his possession of the compact disc on the day he delivered the video clip to the detective and on the following day when the disc was found in his computer. Further, there is no evidence that the compact disc changed locations; at all times relevant to the indictments as charged and the stipulated evidence, the compact disc was in the defendant's home.

■ Accordingly, because we conclude that, in this case, proof that the defendant delivered and/or provided the video clip to the detective constituted proof that he possessed and/or controlled it, and because we also conclude that, in this case, the defendant's possession of the video clip was a continuing offense, it violated the State Double Jeopardy Clause to subject the defendant to multiple punishments for delivering and possessing the same video clip. Having concluded that the defendant's state constitutional rights were violated, we need not decide whether his federal constitutional rights were also violated. *See State v. Pepin*, 155 N.H. 364, 368 (2007).

The defendant next asserts that the evidence was insufficient to support the trial court's finding that the video clip depicted a child under the age of sixteen. To convict the defendant of the child pornography charges, the State had to prove, beyond a reasonable doubt, that the images at issue depicted an actual person younger than sixteen years of age. *See* RSA 649-A:2, I; *Clark*, 158 N.H. at 15. Because the defendant does not argue otherwise, we assume, without deciding, that to prove that the images depicted an actual person younger than sixteen years of age, the State had only to produce the images themselves. *See Clark*, 158 N.H. at 18 (holding that State need not produce evidence beyond images themselves to prove that pornography depicts real rather than virtual child).

■ To prevail upon his sufficiency of the evidence argument, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found beyond a reasonable doubt that the video clip depicted an actual child under the age of sixteen. *See State v. Evans*, 150 N.H. 416, 424 (2003). Having viewed the video clip, we conclude that a rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found beyond a reasonable doubt that the clip depicted a child younger than sixteen. Accordingly, we hold that the evidence was sufficient to support the trial court's finding on this issue.

In sum, we hold that it violated the Double Jeopardy Clause of the State Constitution for the defendant to have received punishments for both delivering and possessing the video clip at issue but that the evidence was sufficient to support the trial court's finding that the video clip depicted a child under the age of sixteen. We remand for further proceedings consistent with this opinion.

*Remanded.*

DALIANIS, DUGGAN, HICKS and CONBOY, JJ., concurred.