# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0620, <u>State of New Hampshire v. Dwayne Aundre Reddick</u>, the court on February 3, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Dwayne Aundre Reddick, appeals his conviction in Superior Court (<u>Brown</u>, J.), following a jury trial, on one count of possession of a controlled drug with intent to sell. <u>See</u> RSA 318-B:2 (2017). He contends that the trial court erred by: (1) denying his motion to suppress for lack of probable cause evidence obtained from a search of his apartment pursuant to a warrant; and (2) not dismissing the indictment as duplicitous.

We first address whether the trial court erred by finding that the search warrant was supported by probable cause. We assume, without deciding, that this argument is preserved. Because the defendant raises his claim under both the State and Federal Constitutions, we first address his claim under the State Constitution and rely upon federal law only to aid in our analysis. <u>State v. Ball</u>, 124 N.H. 226, 231-33 (1983).

Part I, Article 19 of the New Hampshire Constitution provides that search warrants shall issue only upon "cause or foundation," supported by oath or affirmation; this language requires probable cause. <u>State v. Page</u>, 172 N.H. 46, 49-50 (2019). We review the trial court's ruling <u>de novo</u>, except with respect to any controlling factual findings. <u>Id</u>. at 50. Nevertheless, we defer to the issuing judge's determination of probable cause and will not invalidate a warrant by interpreting the evidence supporting it in a hypertechnical sense. <u>Id</u>. We consider the totality of the circumstances when reviewing the sufficiency of an affidavit submitted with a warrant application. <u>Id</u>. We interpret supporting affidavits realistically and with common sense, and we determine close cases by the preference accorded to warrants. <u>Id</u>.

Probable cause exists if a person of ordinary caution would justifiably believe that what is sought will be found through the search and will aid in a particular apprehension or conviction. <u>Id</u>. The police must demonstrate in a search warrant application a substantial likelihood that the items sought will be found in the place to be searched. <u>Id</u>. The affiant need not establish with certainty, or even beyond a reasonable doubt, that contraband or evidence of a crime will be found in a particular place. <u>Id</u>. Because affidavits are to be

interpreted in a realistic fashion and with common sense, individual items of information in an affidavit should be read, not in isolation, but within the context of the entire affidavit. Id. at 52. Moreover, the issuing judge is entitled to go beyond the averred facts and draw upon common sense in making reasonable inferences from those facts. Id. at 52-53. Our task is to examine whether, given all the circumstances set forth in the affidavit, the judge had a substantial basis for concluding that there was a fair probability that contraband or evidence of a crime would be found in the place to be searched. Id. at 50.

The warrant in this case authorized the search of the defendant's apartment for all items related to firearms after an altercation in which the defendant, a convicted felon, was shot as he was entering the apartment. Witnesses heard multiple gunshots during the altercation, and surveillance video showed one of the defendant's assailants fleeing with an injured leg. In his brief, the defendant acknowledges that the officer's affidavit established "probable cause to search the apartment for blood, for shell casings, and for bullet holes, so as to reconstruct the circumstances of the shooting," but argues that it did not establish probable cause to search for guns. He contends that the shooting "could fully be explained by the . . . video of a gun in the possession of one of the . . . attackers" and that "[t]he fact that one of the attackers . . . suffered a leg injury does not create probable cause" that more than one gun was involved. We disagree.

The officer's affidavit established that: (1) the altercation took place between the defendant and two other individuals; (2) the defendant, who had been shot in the hand, heard one gunshot while he was struggling to close the door on his assailants, his domestic partner heard two shots, and their neighbors heard four to six gunshots; (3) during a protective sweep, officers saw large amounts of blood in the kitchen and in the living room and a shell casing in each room; (4) upon leaving the apartment, one of the assailants was limping and left a trail of blood; (5) it appeared to the officer viewing the surveillance video that the assailant "may have sustained a gunshot wound during the altercation"; (6) the defendant's domestic partner said that there were two safes in the defendant's bedroom; (7) the defendant was a convicted felon, prohibited from possessing firearms; and (8) based upon his training and experience, the officer knew that people, particularly those prohibited from possessing firearms, will attempt to hide firearms and ammunition inside safes.

Based upon this affidavit, the issuing judge could draw upon common sense to reasonably infer that the defendant used a firearm in the altercation and that it might be found in the apartment. See id. at 52-53. Accordingly, we conclude that there was probable cause to search the apartment for evidence of firearms. Because the Federal Constitution offers the defendant no greater protection under these circumstances, we reach the same result under the Federal Constitution as we do under the State Constitution. Id. at 55.

We next address the defendant's claim that the indictment was "duplicitous." An indictment is duplicitous when it charges two or more offenses in one count. State v. Patch, 135 N.H. 127, 128–29 (1991) (holding that sexual assault indictment alleging several acts of assault was duplicitous because it was impossible to know whether jurors all convicted defendant on same act). Duplicitous indictments are unconstitutional because they fail to ensure notice to the defendant, protect against double jeopardy, and assure the reliability of a unanimous jury verdict. State v. Paulsen, 143 N.H. 447, 449 (1999). Whether an indictment is duplicitous is a question of law, which we review de novo. Id.

In this case, the indictment charged the defendant with "Possession of a Controlled Drug with Intent to Sell, in that [he] knowingly had in his possession or under his control more than 5 grams of the controlled drug crack cocaine, with the intent to sell it." Police officers testified at trial that they found "two small corner baggies" containing crack cocaine in "a coin or a watch pocket" of the defendant's pants, which were seized at the hospital after he was shot. The "corner baggies" were described as "the corner of a plastic sandwich bag" that had been "tied-off." A state crime laboratory employee testified that one of the "small corner baggies" contained less than half a gram of crack cocaine.

An officer also testified that a safe in the defendant's bedroom contained 46 "individually packaged" small plastic bags containing crack cocaine. These bags were seized the day the defendant was shot. The state laboratory employee testified that the "estimated . . . total weight of the material in all 46 bags [was] 155.11 grams." The defendant argues that: (1) "[t]he jury could not be clear whether the charge rested on" the drugs found in the defendant's pocket or those found in his safe; and (2) "[t]he failure of the indictment to specify which drugs it covered could" compromise his ability to plead "double jeopardy should the State later attempt" to prosecute him specifically for the drugs found in one location.

However, the indictment specifically charged the defendant with possessing more than five grams of crack cocaine. One of the two "corner bags" found in the defendant's "watch pocket" contained less than half a gram. The state laboratory employee did not testify that the two "corner bags" differed significantly in size; the officers described them both as being made from the corners of a plastic sandwich bag. A reasonable juror could not have concluded that the two "corner bags" together contained more than five grams. Therefore, no juror could have found the defendant guilty based solely upon the crack cocaine found in the defendant's pants. Accordingly, no issue of juror unanimity exists.

Whether a defendant may be separately convicted for the possession of the same controlled substance, without subjecting the defendant to double jeopardy, depends upon whether the possessions are sufficiently differentiated by time, location, or intended purpose. State v. Farr, 160 N.H. 803, 810 (2010). Close proximity in space and time and lack of evidence of different intended purposes are indicative of unitary conduct. Id. at 811. These principles would control the

defendant's ability to plead double jeopardy were the State to retry him for the drugs found in his pocket.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**