NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-northern judicial district
Case No. 2021-0460
Citation: State v. Heredia, 2024 N.H. 31

THE STATE OF NEW HAMPSHIRE

v.

CHASRICK HEREDIA

Argued: October 17, 2023
Opinion Issued: June 13, 2024

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Audriana Mekula, assistant attorney general, on the brief and orally), for the State.

Thomas Barnard, deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

BASSETT, J.

[¶1] The defendant, Chasrick Heredia, appeals his convictions, following a jury trial in Superior Court (Messer, J.), on three counts of accomplice to contributing to the delinquency of a minor, see RSA 169-B:41, I (2022); RSA 626:8 (2016), and one count of witness tampering, see RSA 641:5, I (2016),

arguing that the evidence was insufficient to support those convictions. He also challenges the witness tampering conviction on double jeopardy grounds, arguing that witness tampering constituted the same offense as solicitation to commit falsifying physical evidence, of which he was also charged and convicted. He does not challenge that conviction on appeal. See RSA 641:6 (2016); RSA 629:2 (2016). We vacate the witness tampering conviction on double jeopardy grounds, reverse the three convictions for accomplice to contributing to the delinquency of a minor, and remand.

[¶2] The jury could have found the following facts. On July 23, 2019, three female juveniles — A, B, and C — then aged 16, 15, and 15, respectively, were residing at Granite Pathways, a substance abuse treatment facility for adolescents. That night, they ran away from Granite Pathways with the intent to obtain cigarettes and/or alcohol. They went to a convenience store and began asking people to buy cigarettes for them. Eventually, a man who looked to be in his mid-twenties agreed. They told the man, later identified as Matthew Hugle, that they had run away from their treatment center, and asked for a ride to Market Basket, where they hoped to steal alcohol. Hugle agreed to give the girls a ride, but told them he needed to pick up a friend on the way.

[¶3] Hugle picked up the defendant, and the girls again stated that they had run away from "rehab." They reiterated their plan to go to Market Basket, and the defendant said that he would buy them alcohol instead. They stopped at a convenience store, where the defendant purchased six "Natty Daddy" tall beers and gave them to the girls. Although the testimony differed as to whether the girls told the defendant that they were older than they actually were, the defendant, who testified in his own defense, admitted he knew they were not 21.

[¶4] Hugle and the defendant then dropped the girls off at an apartment complex where they sat outside drinking the beer while the men went out to a bar. Hugle and the defendant later returned to the apartment complex and went to the complex's clubhouse with the girls. There, the defendant had sex with A, and Hugle had sex with A, B, and C. B testified that the defendant also had sex with her, but the defendant testified that he did not engage in sexual activity with either B or C. The defendant admitted to recording a video on his cellphone of himself digitally penetrating A and testified that the video also captured B approaching him with no clothing on.

[¶5] Later that night, the defendant and Hugle dropped the girls off near Granite Pathways. Although B got back into the car and left with the men, A and C went into the treatment facility and reported that two men had given them alcohol and engaged them in sexual activity. B was located the next day.

2

[¶6] The defendant was charged with a number of offenses. He was charged with aggravated felonious sexual assault (AFSA) for knowingly engaging in sexual intercourse with A when she was physically helpless to resist, and five counts of felonious sexual assault (FSA) for various alleged sexual acts with B. He was also charged, in three criminal complaints worded identically except for the name and date of birth of the specified minor, with being an accomplice to contributing to the delinquency of a minor.

[¶7] While in jail prior to trial, the defendant wrote an encoded letter to Hugle. In the letter, which was introduced as a full exhibit, the defendant asked Hugle to call the defendant's boss, Max, and told Hugle that the defendant's mother had Max's number. The letter also contained a number of misspelled words. The defendant then called Hugle from jail, told Hugle that he was sending him a letter and that he wanted Hugle to proofread the letter and underline the misspelled words. Recordings of the defendant's calls to Hugle were also submitted at trial as full exhibits. The jury could have found that underlining the letter's misspelled words and then reading only the underlined words would reveal the following hidden message: "Max get the password to his Gmail . . . Google photos delete videos." (Email address deleted.) Based on these communications from jail, the defendant was then charged with additional counts of tampering with witnesses and informants, and solicitation to commit falsifying physical evidence.

[¶8] At trial, the court granted the defendant's motion to dismiss one of the FSA charges involving B. The jury acquitted the defendant on the remaining FSA charges involving B and the AFSA charge involving A. The jury convicted the defendant on the three charges of accomplice to intentional contribution to the delinquency of a minor, one count of witness tampering, and one count of solicitation to commit falsifying physical evidence. This appeal followed.

[¶9] On appeal, the defendant does not challenge his conviction for the crime of solicitation to commit falsifying physical evidence. Rather, he challenges his conviction for witness tampering and his convictions on three counts of accomplice to contributing to the delinquency of a minor.

[¶10] We turn first to the defendant's challenge to his conviction on the witness tampering charge. He argues that there was insufficient evidence to convict him on the witness tampering charge, and that his state and federal constitutional rights to be free from double jeopardy were violated by the separate convictions and sentences for witness tampering and solicitation to commit falsifying physical evidence. See N.H. CONST. pt. I, art. 16; U.S. CONST. amends. V, XIV. Because, for the reasons set forth below, we agree with the defendant that his separate convictions and sentences for both witness tampering and solicitation to commit falsifying physical evidence

3

violate the prohibition against double jeopardy under the State Constitution, we need not address his sufficiency challenge.

[¶11] "The issue of double jeopardy presents a question of constitutional law, which we review de novo." State v. Glenn, 167 N.H. 171, 178 (2014). We first address the defendant's claim under the State Constitution and rely upon federal law only to aid our analysis. State v. Ball, 124 N.H. 226, 231-33 (1983). The defendant's double jeopardy challenge raises a "double-description" issue. See State v. Lynch, 169 N.H. 689, 706 (2017) (explaining that in the "so-called 'double-description' cases, . . . the issue is whether two statutes describe two separate offenses or are merely different descriptions of the same offense" (quotation omitted)). One example of a double-description violation is conviction on "both a lesser-included offense and the greater offense [when] both offenses derive from the same criminal act." State v. McKean, 147 N.H. 198, 200 (2001); see State v. Lucius, 140 N.H. 60, 67 (1995).

[¶12] The test in double-description cases under the State Constitution, "which we have referred to as the 'same evidence' test, provides: Two offenses will be considered the same for double jeopardy purposes unless each requires proof of an element that the other does not." State v. Locke, 166 N.H. 344, 351 (2014) (quotation omitted). "We focus upon whether proof of the elements of the crimes as charged will in actuality require a difference in evidence." Id. "In making this inquiry, we review and compare the statutory elements of the charged offenses in light of the actual allegations contained in the indictments." State v. Farr, 160 N.H. 803, 807 (2010) (quotation omitted).

[¶13] The offense of witness tampering is defined in RSA 641:5, which provides, in relevant part:

A person is guilty of a class B felony if:

I. Believing that an official proceeding, as defined in RSA 641:1, II, or investigation is pending or about to be instituted, he attempts to induce or otherwise cause a person to:

. . .

(b) Withhold any testimony, information, document or thing . . . .

RSA 641:5 (2016). As charged in the indictment, the State had to prove that the defendant:

did commit the crime of Tampering with Witnesses and Informants in that Chasrick Heredia, believing that an official investigation as defined in RSA 641:1, II, was pending, knowingly attempted to

4

induce or otherwise cause a person, specifically Matthew Hugle, to withhold any information when he wrote Hugle a letter and requested that Hugle delete information from any electronic device or any electronic communication service, that constituted evidence related to the official investigation.[1]

(Bolding omitted.)

[¶14] The offense of falsifying physical evidence is defined in RSA 641:6, which provides, in relevant part:

A person commits a class B felony if, believing that an official proceeding, as defined in RSA 641:1, II, or investigation is pending or about to be instituted, he:

I. Alters, destroys, conceals or removes any thing with a purpose to impair its verity or availability in such proceeding or investigation . . .

RSA 641:6 (2016).  The criminal solicitation statute provides, in relevant part, that "[a] person is guilty of criminal solicitation if, with a purpose that another engage in conduct constituting a crime, he commands, solicits or requests such other person to engage in such conduct."  RSA 629:2, I.  As charged in the indictment, in order to convict the defendant for the crime of solicitation to commit falsifying physical evidence, the State had to prove that the defendant, "with the purpose that another, specifically Matthew Hugle, engage in conduct constituting the crime of Falsifying Physical Evidence as defined in RSA 641:6, solicited Hugle to delete information relevant to a pending criminal prosecution."  (Bolding omitted.)

[¶15] The defendant, although acknowledging "that solicitation to falsify physical evidence requires proof of some elements that are not required by witness tampering," argues that if the conduct alleged in the witness tampering indictment constitutes witness tampering under the statute, proof of that charge did "not require proof of any element that solicitation to falsify physical evidence [did] not also require."  In other words, he argues that, as charged in

---

[1] We observe that the witness tampering indictment does not precisely track the language of RSA 641:5.  The indictment uses the language "official investigation as defined in RSA 641:1, II" (bolding omitted) rather than the statutory language "an official proceeding, as defined in RSA 641:1, II, or investigation," RSA 641:5.  Both parties appear to assume that the indictment contains the missing statutory language.  The defendant argues that "[b]oth indictments required the State to prove that Heredia believed that an official proceeding or investigation was pending or about to be instituted."  The State argues that "[t]he witness tampering charge required the State to prove that the defendant attempted to induce or cause Hugle to withhold information from an official proceeding."  As neither party argues that the discrepancy between the indictment and the statute is of any consequence, we take no further note of it.

5

this case, witness tampering constituted a lesser-included offense to solicitation to commit falsifying physical evidence. See McKean, 147 N.H. at 200 ("A lesser-included offense is one which must necessarily be included in the greater offense." (quotation and brackets omitted)). We agree.

[¶16] To determine whether the two offenses charged in this case will be considered the same under our state double jeopardy analysis, we ask "whether the facts charged in the second indictment would, if true, have sustained the first." State v. McGurk, 157 N.H. 765, 773 (2008) (quotation omitted). The facts charged in the solicitation to falsify physical evidence indictment include that the defendant, believing that an official proceeding, as defined in RSA 641:1, II, or investigation was pending or about to be instituted,[2] purposely solicited Hugle to delete information relevant to a pending criminal prosecution. Such facts, if true, would also prove the elements as charged in the witness tampering indictment: that the defendant, believing that an official proceeding, as defined in RSA 641:1, II, or investigation was pending or about to be instituted, knowingly attempted to induce or otherwise cause Hugle to "delete information from any electronic device or any electronic communication service, that constituted evidence related to the official investigation." (Bolding omitted.)

[¶17] The State correctly points out that each of the two offenses requires a different mens rea: "purposely" for solicitation to commit falsifying physical evidence and "knowingly" for witness tampering. It argues, therefore, that solicitation to commit falsifying physical evidence and witness tampering constitute "separate crimes." We note, however, that proof of the mens rea of "purposely" automatically establishes the mens rea of "knowingly." See RSA 626:2, III (2016) ("When acting knowingly suffices, the element is also established if a person acts purposely."). Accordingly, that a different mens rea is required for each offense does not prevent proof of the facts charged in the second indictment (solicitation to commit falsifying physical evidence) from also sustaining the first (witness tampering). See McGurk, 157 N.H. at 773.

[¶18] The State also argues that the elements of the charged offenses differed because, although the solicitation to falsify physical evidence charge "required the State to prove that the defendant solicited Hugle to destroy, alter, conceal, or remove the video,"

> [t]he witness tampering charge required the State to prove that the defendant attempted to induce or cause Hugle to withhold information from an official proceeding regarding his October 2019 letter and his plot to have Hugle log in to an email account and

---

[2] This allegation follows from the allegation that the defendant acted with the purpose that Hugle engage in conduct constituting the crime of Falsifying of Physical Evidence as defined in RSA 641:6. See RSA 629:2, I.

6

delete a video or any other information relative to the video, email address, electronic device storing the video, or electronic communication service.

We disagree.

[¶19] The indictment references the October 2019 letter as the means by which the defendant requested that Hugle "withhold any information" by deleting the video. As charged, the information sought to be withheld is the information contained in the video. Only a strained interpretation of the indictment would read the October 2019 letter — and the defendant's associated "plot" — to be the "information" sought to be withheld. See State v. Nickles, 144 N.H. 673, 679 (2000) ("reject[ing] the defendant's parsing of the indictment" in favor of "[a] fair reading of [it]").

[¶20] Because we agree with the defendant that, as charged in this case, witness tampering constituted a lesser-included offense to solicitation to falsify physical evidence, we now address whether both offenses derive from the same criminal act. See Farr, 160 N.H. at 809 (noting that double jeopardy analysis does not conclude upon finding one charged offense is a lesser-included offense to another, because "it violates double jeopardy to punish a defendant for both a lesser included and greater offense only if both derive from the same criminal act"). "A criminal act consists of the sum of discrete actions that together constitute an offense." Id. (quotation omitted). Here, both charges at issue derive from the same criminal act: the defendant requesting that Hugle delete the video.

[¶21] Because the facts charged in the solicitation to falsify physical evidence indictment would, if true, also support a conviction under the indictment for witness tampering, and both charges derive from the same criminal act, the convictions on both charges violate double jeopardy under the State Constitution. See id.; Lucius, 140 N.H. at 66-68. Accordingly, the defendant's conviction and sentence for witness tampering must be vacated. See Heald v. Perrin, 123 N.H. 468, 475 (1983), superseded on other grounds by RSA 651:2, II-g, as stated in Nickles. "Having concluded that the defendant's state constitutional rights were violated, we need not decide whether his federal constitutional rights were also violated." Farr, 160 N.H. at 812.

[¶22] We next address the defendant's challenge to his convictions on three counts of accomplice to contributing to the delinquency of a minor. He argues that the evidence was insufficient to prove those charges. Acknowledging that his sufficiency challenges are not preserved for appeal, he raises them under the plain error rule. See Sup. Ct. R. 16-A. "Under the plain error rule, we may consider errors not raised before the trial court." State v. Racette, 175 N.H. 132, 139 (2022), modified on other grounds by State v.

7

Boudreau, 175 N.H. 806 (2023). "To find plain error: (1) there must be error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings." Id. at 139-40. "The plain error rule is used sparingly, however, and is limited to those circumstances in which a miscarriage of justice would otherwise result." Id. at 140.

[¶23] The defendant was charged, in three criminal complaints worded identically except for the name and date of birth of the specified minor, as follows:

> Chasrick Heredia, with the purpose of promoting or facilitating the commission of the offense of Intentional Contribution to Delinquency, aided or agreed or attempted to aid Matthew Hugle in planning or committing it, specifically, he knowingly provided alcohol to [the specified minor], a minor, to produce, promote, or contribute to the delinquency of [the specified minor] . . . .

The elements of intentional contribution to the delinquency of a minor are set forth in RSA 169-B:41, I, which provides, in relevant part:

> Any parent or guardian or person having custody or control of a minor, or anyone else, who shall knowingly encourage, aid, cause, or abet, or connive at, or has knowingly or willfully done any act to produce, promote, or contribute to the delinquency of such minor, shall be guilty of a misdemeanor.

RSA 169-B:41, I. RSA 169-B:2, IV, in turn, defines "[d]elinquent," in relevant part, to mean:

> a person who has committed an offense before reaching the age of 18 years which would be a felony or misdemeanor under the criminal code of this state if committed by an adult, or which is a violation of RSA 318-B:2-c, II or III, and is expressly found to be in need of counseling, supervision, treatment, or rehabilitation as a consequence thereof.

RSA 169-B:2, IV (Supp. 2017) (amended 2021). "Consequently, a person may be convicted of contributing to the delinquency of a minor only if his conduct contributes to the minor's commission of an act" described in RSA 169-B:2, IV. State v. Davies, 121 N.H. 366, 368 (1981) (decided under prior law).

[¶24] The defendant argues that the evidence was insufficient to convict him on the contribution to the delinquency of a minor charges because, although the evidence established that he provided A, B, and C with beer, their

8

"possession and consumption of alcohol did not render them delinquent" because the possession of alcohol is neither "a felony or misdemeanor under the criminal code of this state," nor "a violation of RSA 318-B:2-c, II or III." RSA 169-B:2, IV; see RSA 318-B:2-c, II, III (Supp. 2023) (relating to possession of marijuana and hashish, respectively). Rather, the defendant points out, possession of alcohol by a minor is governed by RSA 179:10, which provides, in relevant part:

> Except as provided in RSA 179:23, any person under the age of 21 years who has in his or her possession any liquor or alcoholic beverage, or who is intoxicated by consumption of an alcoholic beverage, shall be guilty of a violation and shall be fined a minimum of $300.

RSA 179:10, I (2022). Thus, possession of alcohol by a minor is defined by the legislature to be a violation, not a felony or misdemeanor. Id.

[¶25] The State counters that the operative statute is RSA 179:5, which provides, in relevant part, that "[n]o . . . person, shall sell or give away or cause or allow or procure to be sold, delivered, or given away any liquor or beverage to a person under the age of 21." RSA 179:5, I (2022). The State does not argue that the defendant himself violated this statute. Although the evidence introduced on the contribution to delinquency charges, and the defendant's own testimony, might have supported conviction for that offense, the State did not charge the defendant with violating RSA 179:5, I. Rather, the State charged the defendant with contributing to the minors' delinquency, which, as discussed above, required proof that each minor committed an act that would be a misdemeanor or felony if she were an adult. The State now argues on appeal that each of the girls committed an act that, under RSA 179:5, would constitute a misdemeanor if she were an adult. See RSA 179:58, I (2022) (providing, in relevant part, that "[a]ny person who violates any of the provisions of this title or any of the rules adopted pursuant to this title shall be guilty of a misdemeanor if a natural person, or guilty of a felony if any other person"). Specifically, the State argues that "the girls distributed the alcohol among themselves. If any one of the girls were adults in that situation, they could have been charged criminally with violating RSA 179:5, either directly, as co-conspirators, or solicitors."

[¶26] We need not decide, however, whether the indictments could be read to encompass the theory now articulated by the State, because the jury was not instructed on it. On each charge of accomplice to intentional contribution to delinquency of a minor, the jury was instructed:

> The definition of this crime has three parts or elements. The State must prove each element beyond a reasonable doubt. Thus, the

9

State must prove the Defendant aided or agreed or attempted to aid another, specifically Mathew Hugle, in planning or committing the offense of intentional contribution to delinquency, and the Defendant acted with the purpose of promoting or facilitating the commission of the offense, and the Defendant did knowingly promote or contribute to the delinquency of a minor, <u>specifically he gave alcohol to [the identified minor]</u>.

(Emphasis added.) The jury was further instructed that "[i]intentional contribution to delinquency means a person commits the crime of intentional contribution to delinquency when such person has knowingly or willfully done any act to produce, promote, or contribute to the delinquency of such minor." The jury was not instructed, however, on the definition of delinquency and, in particular, was not instructed that it could find contribution to delinquency only if it found that the minor identified in the indictment gave the alcohol furnished by the defendant to another minor.

[¶27] We conclude that a reasonable jury would have understood the instructions to mean that the "delinquency" to which the defendant allegedly contributed was each minor's possession of the alcohol the defendant gave to her; a reasonable jury would not have understood the instructions to mean that it could convict the defendant on each contribution to delinquency charge only if it found that the identified minor "delivered, or [gave] away" the alcohol to at least one of the other minors. RSA 179:5, I. Accordingly, we conclude that the jury convicted the defendant on evidence that he provided each minor with alcohol, which she, in turn, possessed. However, as the defendant points out, possession of alcohol by a minor is a violation, not a felony or misdemeanor as required by RSA 169-B:2, IV, and, therefore, his conduct did not constitute the offense of contribution to the delinquency of a minor. <u>See</u> RSA 169-B:41, I, :2, IV.

[¶28] For the foregoing reasons, we conclude that the evidence was insufficient to convict the defendant on the accomplice to contributing to the delinquency of a minor charges. Turning to the remaining plain error factors, we conclude that the error was plain because the evidence was insufficient to prove an essential element of the crimes; namely, that the defendant produced, promoted, or contributed to the delinquency of A, B, and C. <u>State v. Houghton</u>, 168 N.H. 269, 274 (2015); <u>see</u> RSA 169-B:41, I. We also "conclude that the error affected the defendant's substantial rights because the trial court's failure to dismiss the charge at the close of the evidence led to his conviction on the charge." <u>State v. Guay</u>, 162 N.H. 375, 384 (2011). "Finally, because the jury convicted the defendant based upon insufficient evidence of guilt, allowing the defendant's conviction to stand would seriously affect the fairness and integrity of judicial proceedings." <u>Racette</u>, 175 N.H. at 141. Accordingly, the trial court

10

committed plain error, and we reverse the defendant's convictions on the contributing to the delinquency of a minor charges.  See id.

[¶29] Therefore, we vacate the witness tampering conviction on double jeopardy grounds and reverse the three convictions for accomplice to contributing to the delinquency of a minor.  We remand for consideration of resentencing consistent with this opinion and with State v. Abram, 156 N.H. 646, 655 (2008).

Vacated in part; reversed in part; and remanded.

DONOVAN and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but subsequently disqualified herself and did not participate in further review of the case.