Portsmouth Municipal Court,
No. 5112.

STATE *v.* CHARLES B. ROSIER.

Argued May 7, 1963.
Decided June 7, 1963.

*William Maynard,* Attorney General and *William J. O'Neil,* Assistant Attorney General (*Mr. O'Neil* orally), for the State.

*John J. Wholey* (by brief and orally), for the defendant.

DUNCAN, J. The defendant is charged with operation of a motor vehicle "on a certain way known as the Vaughan Street Parking Lot" in Portsmouth while under the influence of intoxicating liquor. RSA 262:19 (supp) makes it an offense to so operate a motor vehicle "upon any way." For purposes of Title XXI of the Revised Statutes Annotated, of which chapter 262 is a part, "a way" is defined as "any public highway, street, avenue, road, alley, park or parkway, or any private way laid out under authority of statute." RSA 259:1 XXXV. See *State* v. *Gallagher,* 102 N. H. 335, 336.

The parties agree that the Vaughan Street parking lot is an off-street parking area in Portsmouth designated as such by city ordinance, which defines such an area as "any area acquired by the City of Portsmouth by vote of the City Council and designated for the parking of vehicles." Rev. Ord. (1957) *s.* 32-401(A). The ordinance describes the Vaughan Street parking area by metes and bounds. *Id., s.* 32-402(C). This description indicates, and the parties concede, that the area is

situated on land owned by the city which is bounded by and is accessible to and from three city streets, *viz.* Vaughan Street, Bridge Street, and Hanover Street.

It appears not to be disputed that the parking lot was not established by statutory layout as a highway or parking area (*cf. Rogers* v. *Concord*, 104 N. H. 47) and that it has not been in use for twenty years. *State* v. *Michaud*, 98 N. H. 356; *State* v. *Duranleau*, 99 N. H. 30. The defendant asserts that it is therefore not a public highway and not a "way" as defined by RSA 259:1, *supra. Dow* v. *Latham*, 80 N. H. 492; *Summerfield* v. *Wetherell*, 82 N. H. 513. At the time the cases cited by defendant were decided, a highway was a "public highway" only if laid out pursuant to statute or if it had been used as such for more than twenty years. R. L., *c.* 90, *s.* 1. However, the statute has since been amended to include within the definition "roads which have been constructed for public travel over land which has been conveyed to a [city] . . . by deed of a fee or easement interest" (Laws 1943, *c.* 57, *s.* 1) and also "roads which have been dedicated to the public use and accepted by the city . . . in which such roads are located." Laws 1945, *c.* 188, pt. I, *s.* 1. See RSA 230:1. *Perrotto* v. *Claremont*, 101 N. H. 267.

The agreed facts do not disclose whether title to the Vaughan Street parking lot was "conveyed to the city . . . by deed of a fee or easement interest." The statements of counsel, however, indicate that the area is open to public travel from one to another of the three streets by which it is bounded, whether used for parking en route from one street to another or not. In these circumstances we are of the opinion that the area constitutes a "road which has been constructed for public travel" within the meaning of RSA 230:1, *supra.* Hence if it should appear that such travel in the area is "over land which has been conveyed to the city . . . by deed of a fee or easement interest," it is a public highway under RSA 230:1, and therefore a "way" within the meaning of RSA 259:1.

If title to the land upon which the parking area was constructed was not acquired by such a conveyance, in our opinion it is nevertheless a "way" within the meaning of RSA 259:1. It cannot be questioned that the Vaughan Street parking area was established under statutory authority. RSA 31:3, 4 (III), 92; RSA 21:5; RSA 249:1. See *Opinion of the Justices*, 94 N. H. 501. We think the area may properly be described as

a "way"; and since not yet a public highway by reason of twenty years' user, may reasonably be described in the interim as a "private way laid out under authority of statute" within the meaning of RSA 259:1. It follows that travel thereon is subject to statutory regulation applicable to travel on public highways. *General Accident Fire and Life Assur. Corp.* v. *Brow*, 327 Mass. 225; *Opinion of the Justices,* 313 Mass. 779, 784-785. See also, *City of Clayton* v. *Nemours,* 353 Mo. 61, 67; 7 Am. Jur. 2d 723, 724.

We accordingly hold that the "Vaughan Street Parking Lot" in Portsmouth is a "way" within the meaning of RSA 259:1.

*Remanded.*

All concurred.