Rochester District Court
No. 7365

## STATE OF NEW HAMPSHIRE

v.

## DANA E. CROCKETT

May 29, 1976

*David H. Souter,* attorney general, and *Edward A. Haffer,* assistant attorney general *(Mr. Haffer* orally), for the State.

*John F. Cullinane,* by brief and orally, for the defendant.

KENISON, C.J.   The Rochester District Court *(Cooper, J.)* found the defendant guilty of violating RSA 262-A:62 (Supp. 1975, Laws 1973, 528:321) which prohibits the operation of motor vehicles "upon any way" by persons under the influence of intoxicating liquor. RSA 259:1 XXXV (Supp. 1975) defines "way" as "any public highway, street, avenue, road, alley, park or parkway ... or any public or private parking lot which is maintained primarily for the benefit of paying customers." The complaint charged that the defendant had operated his vehicle "on a private driveway open to the public at the time, to wit, Anchorage Motel Driveway."

At trial the arresting officers testified that they stopped the defendant in the motel driveway. The defendant moved for dismissal at the close of the prosecution's case on the ground that the motel driveway was not a way within the meaning of the statute. The court denied this motion and permitted the prosecution to reopen its case. The arresting officers testified that prior to stopping the defendant in the motel driveway they had observed him operating the vehicle in the motel parking lot. The court permitted the prosecution to amend its complaint to charge operation in

the parking lot, and found that no prejudice to the defendant resulted from the amendment. The amendment removed the issue of defendant's operation on the driveway from the case, and it is unnecessary to decide that issue.

The defendant excepted to the granting of the prosecution's motions to reopen its case and to amend its complaint. The critical issue is whether these rulings deprived the defendant of a fair opportunity to prepare his defense and to meet the case against him. Goldstein, *The State and the Accused: Balance of Advantage in Criminal Procedure,* 69 Yale L.J. 1149, 1173-80 (1960). It appears that the defendant's driving on the parking lot was closely connected in time and place to his driving on the driveway. The prosecution presented its additional testimony and amended the complaint before the defense began. The defendant did not request a continuance and has not shown that the additional evidence or the amendment of the complaint was prejudicial or constituted an abuse of discretion. The trial court did not err in granting the prosecution's motion to amend the complaint *(State v. Green,* 105 N.H. 260, 197 A.2d 204 (1964); *Commonwealth v. Jervis,* 335 N.E.2d 356 (Mass. 1975); RSA 601:8; Annot., 14 A.L.R.3d 1335 (1967)) or in granting its motion to reopen its case. *State v. Petkus,* 110 N.H. 394, 269 A.2d 123 (1970); *State v. Comparone,* 110 N.H. 398, 269 A.2d 131 (1970). The findings and rulings of the district court were supported by the evidence and were legally correct. *State v. Rosier,* 105 N.H. 6, 191 A.2d 526 (1963); E. Fisher and R. Reeder, Vehicle Traffic Law 96 *et seq.* (1974). Accordingly the order is

*Defendant's exceptions overruled.*

All concurred.