Concord District Court
No. 87-239

# THE STATE OF NEW HAMPSHIRE

v.

# STEPHEN COMLEY

July 28, 1988

*Stephen E. Merrill*, attorney general (*John S. Davis*, assistant attorney general, on the brief and orally), for the State.

*Ernest C. Hadley*, of Wareham, Massachusetts, and *Backus, Meyer & Solomon*, of Manchester (*Mr. Hadley* and *Jon Meyer* on the brief, and *Mr. Hadley* orally), for the defendant.

BROCK, C.J.  The defendant appeals his conviction under RSA 644:2, III(b) for disorderly conduct, following a trial in Concord District Court (*Perkins*, J.). For the reasons that follow, we affirm.

The transcript of proceedings in the trial court indicates that, on January 8, 1987, the defendant entered the State House, where guests were gathering for the inauguration of Governor John Sununu. The defendant purportedly wished to question the governor after the ceremonies about the Seabrook nuclear power station. He requested a press kit, but learned that none remained. He then entered Representatives Hall around 11:00 a.m. and stood at the rear of the hall, in an area reserved for members of the press.

Just before noon, in response to an identification request from a security officer, the defendant produced a press identification card, to the officer's apparent satisfaction. Shortly thereafter, the security officer returned to the defendant at the instruction of the House Information Officer, who indicated that attendance at the ceremonies required a special press pass, issued by the State police. The security officer informed the defendant that his press card was not valid and that he would have to leave the hall.

The defendant responded by collecting his briefcase and other belongings, and then running down an aisle toward the podium, where the Sergeant-at-Arms was announcing arriving guests. As he neared the front of the hall, the defendant began to shout remarks about the Seabrook plant. Three security officers subdued the defendant, and removed him from the hall. The Sergeant-at-Arms, who assisted in escorting the defendant from the hall, resumed his duties at the podium after a lapse between announcements of from one minute to one-and-one-half minutes.

The complaint filed by the Sergeant-at-Arms charged the defendant with the following violation, see RSA 644:2, V:

> · "knowingly disrupt[ing] the orderly conduct of business in a government facility, to wit, the New Hampshire State House, by running down the center isle [sic] to the front of the House of Representatives, and yelling and shouting anti-nuclear statements, the said Stephen Comely [sic] then causing House Security officers to physically remove him from chambers, the said actions disrupting the Inauguration Ceremonies that were in progress[.]"

The defendant moved to dismiss the charges in advance of trial, asserting that (1) the complaint failed to allege his "purposeful intent" as an element of the disorderly conduct with which he had been charged under RSA 644:2, III(b), and (2) the prosecution had violated his rights of expression under the first and fourteenth amendments of the United States Constitution, and part I, articles 22 and 32, of the New Hampshire Constitution. About a month before trial, and over the defendant's objection, the trial judge allowed the State to amend the complaint, to charge him with "purposely," rather than "knowingly," causing a breach of the peace through disruption of the inaugural ceremonies.

Following the defendant's bench trial in April 1987, the trial court denied his motion to dismiss, and found him guilty of disorderly conduct (RSA 644:2). Specifically, the court found beyond a reasonable doubt that the defendant purposely caused a breach of the peace in acting with the intent to disrupt, and actually disrupting, the conduct of business in a government facility, namely the inaugural ceremonies. The defendant was assessed a fine of $100.

On appeal, the defendant contends that (1) his prosecution under the disorderly conduct statute, RSA 644:2, violated his rights under the first and fourteenth amendments of the Federal Constitution and part I, articles 22 and 32 of the State Constitution; (2) even if his prosecution under RSA 644:2 was constitutionally permissi-

ble, the evidence was insufficient to support either the trial court's finding that he intended to cause a breach of the peace, or the finding that he disrupted the orderly conduct of government business; and (3) the trial court erred in permitting the State to amend the complaint. We consider each assertion in turn, and begin with the State constitutional challenge. *See State v. Ball*, 124 N.H. 226, 231–32, 471 A.2d 347, 351 (1983).

■ ■ The State constitutional right of free speech, N.H. CONST. pt. I, arts. 22 & 32, is not absolute, but may be subject to reasonable time, place and manner regulations that are content-neutral, narrowly serve a significant governmental interest, and allow other opportunities for expression. *Opinion of the Justices*, 128 N.H. 46, 50, 509 A.2d 749, 752 (1986); *see also State v. Derrickson*, 97 N.H. 91, 93, 81 A.2d 312, 313 (1951). Even where a law regulates conduct generally, without addressing speech in particular, it nonetheless may effect an incidental regulation of speech that, like direct regulation, is constitutionally permissible if it does not exceed the bounds of the limited, content-neutral time, place and manner standard. *See State v. Albers*, 113 N.H. 132, 139, 303 A.2d 197, 202 (1973); *cf. State v. Nickerson*, 120 N.H. 821, 824–27, 424 A.2d 190, 192–94 (1980).

■ RSA 644:2, III(b), the disorderly conduct statute at issue in this case, provides that

"[a] person is guilty of disorderly conduct if:

. . .

III. He purposely causes a breach of the peace, public inconvenience, annoyance or alarm, or recklessly creates a risk thereof, by:

. . .

(b) Disrupting the orderly conduct of business in any public or government facility[.]"

While the statute does not specifically regulate speech, its application obviously may have such an effect where a prosecution under the statute concerns conduct encompassing expressive activity. We find, however, that if speech is a part of the conduct subject to prosecution, RSA 644:2, III(b) is no more than a reasonable regulation of the time, place and manner of that speech. In generally prohibiting disruptive conduct, the statute prohibits only that speech whose exercise, as distinct from its contents, interferes with the government's interest in preserving order in its business. The provision neither restricts non-disruptive speech, nor

forecloses opportunities for speech altogether, and therefore does not suffer from the excessive breadth that has necessitated our invalidation of other disorderly conduct provisions on prior occasions. *See State v. Nickerson supra.*

Because the application of RSA 644:2, III(b) to the defendant does not offend the New Hampshire Constitution, we next consider the defendant's first amendment claim and whether the Federal Constitution affords him relief. *See State v. Ball,* 124 N.H. at 231–32, 471 A.2d at 351.

■ Like the State Constitution, the first amendment allows reasonable, content-neutral regulation of the time, place and manner of expression on public property, where such regulation narrowly furthers significant governmental interests, and does not foreclose other opportunities for expression. *Consolidated Edison Co. v. Public Serv. Comm'n,* 447 U.S. 530, 535 (1980); *Grayned v. City of Rockford,* 408 U.S. 104, 115 (1972); *cf. Perry Ed. Assn. v. Perry Local Educators' Assn.,* 460 U.S. 37, 47–48, 53–55 (1983) (where public property is not a "public forum," State may regulate more than time, place and manner). The critical issue in a court's determination of a regulation's reasonableness is whether "the manner of expression [to be regulated] is basically incompatible with the normal activity of a particular place at a particular time." *Grayned v. City of Rockford, supra* at 116. Where, moreover, a law regulates speech only incidentally, as a consequence of expressly regulating conduct, it will withstand first amendment scrutiny if, in its application to incidental speech, it is no more restrictive than a time, place and manner regulation. *See United States v. O'Brien,* 391 U.S. 367, 376–77 (1968). The first amendment thus permits incidental regulation of the time, place and manner of expression to the same degree as the State Constitution. We therefore conclude, for the reasons given in our discussion of the defendant's State constitutional claim, that the defendant's prosecution did not violate the Federal Constitution.

■ The defendant next challenges the sufficiency of the evidence to sustain his conviction. Looking at the evidence "in the light most favorable to the State with all reasonable inferences therefrom," *State v. Linsky,* 117 N.H. 866, 872–73, 379 A.2d 813, 818 (1977) (quoting *State v. Gilbert,* 115 N.H. 665, 666, 348 A.2d 713, 714 (1975), itself quoting *State v. Canney,* 112 N.H. 301, 303, 294 A.2d 382, 383 (1972)), we conclude that the record reveals sufficient evidence to sustain the defendant's conviction. The

evidence establishes clearly that the defendant voluntarily ran through Representatives Hall and yelled, that his behavior necessitated his removal by security officers, and that the entire episode interfered with the performance by the Sergeant-at-Arms of one of his duties in the inaugural ceremonies. We find that the trial judge reasonably could have concluded, on the basis of such evidence, that the State had proven beyond a reasonable doubt that the defendant acted with a purpose to disrupt, and did disrupt, the orderly conduct of business in a government facility, in violation of RSA 644:2, III(b).

The defendant's final argument, which relates to the amendment of the complaint, also is without merit. The Criminal Code, of which RSA 644:2 is a part, distinguishes between "purposely" and "knowingly" as culpable mental states, see RSA 626:2, II(a), (b), and indicates that the two terms are interchangeable only in limited circumstances not present in this case. See RSA 626:2, III. The original complaint, which stated that the defendant had acted "knowingly," therefore was deficient in charging the defendant with disorderly conduct under RSA 644:2, III, which specifies acting "purposely" as an element.

■■ The State's subsequent amendment, however, eliminated the deficiency in the complaint, and, assuming that the defendant's rights were not prejudiced as a consequence, was properly allowed by the district court. See RSA 601:8, DIST. & MUN. CT. R. 2.1.B. This court has indicated that an amendment to a criminal complaint, even after trial has begun, does not prejudice a defendant's rights if the defendant still has "a fair opportunity to prepare his defense and to meet the case against him." State v. Crockett, 116 N.H. 324, 325, 358 A.2d 414, 415 (1976). The record before us indicates that the State amended the complaint about one month before trial, and, moreover, that the amendment was sufficiently in advance of trial to give the defendant ample opportunity to prepare his defense. We conclude, therefore, that the district court's allowance of the amendment worked no unfairness to the defendant, and was proper.

*Affirmed.*

All concurred.