Grafton
No. 2000-083

THE STATE OF NEW HAMPSHIRE

v.

RONALD E. MCKEAN

November 19, 2001

*Philip T. McLaughlin*, attorney general (*Simon R. Brown*, assistant attorney general, on the brief and orally), for the State.

*Carl D. Olson*, assistant appellate defender, of Littleton, by brief and orally, for the defendant.

DALIANIS, J. The defendant, Ronald E. McKean, appeals his conviction by a jury in Superior Court (*Morrill*, J.) for criminal threatening, *see* RSA 631:4 (Supp. 2000), on the ground that it violated his State constitutional right to be free from double jeopardy, *see* N.H. CONST. pt. I, art. 16. We affirm.

The relevant facts follow. On June 14, 1999, the defendant came to his wife's place of work, armed with a pistol. Six days previously, his wife had obtained an *ex parte* restraining order against him, which granted her a legal separation and temporary custody of the couple's thirteen-year-old daughter. As the defendant approached his wife, he pulled out a pistol and ordered her into her car. When she refused, he threatened to "shoot [her] right here."

The defendant ordered his wife to drive to a Holiday Inn, where he told her to get out of the car and into one of the hotel rooms. When she refused, the defendant repeatedly told her to get into the room, and began talking about killing himself. The defendant then went into the room, pulled out a sawed-off shotgun and showed it to her. Seeking to persuade the defendant to release her, she promised to let him see their daughter and not to tell anyone about the incident. The defendant finally agreed to release her.

The defendant was eventually charged with kidnapping, criminal threatening and criminal restraint. He moved to dismiss all three indictments on double jeopardy grounds. The State conceded that the kidnapping and criminal restraint indictments were alternative theories. Accordingly, the trial court instructed the jury that they could find the defendant guilty either of kidnapping or criminal restraint, but not both. The court ruled that the kidnapping and criminal threatening indictments did not violate double jeopardy, however, because each indictment as charged required proof of an element not contained in the other indictment. The defendant was convicted on both the kidnapping and criminal threatening charges and received consecutive sentences.

The kidnapping indictment alleged that the defendant

> purposely confined another under his control . . . with a purpose to terrorize her, in that he pointed a Titan .25 caliber handgun at [her], ordered her to get into an automobile and drive the defendant to the Holiday Inn in Lebanon, where the defendant displayed a shotgun to [her] and stated that he was going to kill himself . . . .

The criminal threatening indictment alleged that the defendant

> by physical conduct, . . . purposely, placed or attempted to place, another. . . in fear of imminent bodily injury, in that he placed a deadly weapon, a Titan .25 caliber handgun to [her] side and ordered her to get in an automobile and drive or he would kill her.

On appeal, the defendant argues that the kidnapping and criminal threatening charges constituted the same offense for double jeopardy purposes. He also contends that criminal threatening is a lesser-included offense of kidnapping and, therefore, the consecutive sentences he received for convictions upon both indictments violated double jeopardy. We confine our analysis to the State Constitution because the defendant

does not raise a claim under the Federal Constitution. *See State v. Nickles*, 144 N.H. 673, 676 (2000).

Part I, Article 16 of the State Constitution

> protects a defendant from multiple punishments for the same offense. Two offenses will be considered the same unless each requires proof of an element that the other does not. Thus, multiple indictments are permissible only if proof of the elements of the crime as charged will in actuality require a difference in evidence.

*State v. MacLeod*, 141 N.H. 427, 429 (1996) (quotations, citations, brackets and emphasis omitted). A defendant is also placed in double jeopardy if he is charged with both a lesser-included offense and the greater offense and both offenses derive from the same criminal act. *See State v. Ford*, 144 N.H. 57, 66 (1999).

We first examine whether criminal threatening is a lesser-included offense of kidnapping. "[A] lesser-included offense is one which must necessarily be included in the greater offense." *State v. Liakos*, 142 N.H. 726, 732 (1998). We look to the statutory elements of each offense to determine if one is a lesser-included offense of the other. *See id.* "An offense is lesser-included if the elements of the lesser offense form a subset of the elements of the greater offense." *Id.*

The elements of the variant of kidnapping with which the defendant was charged are that he: (1) acted knowingly; and (2) confined another under his control with a purpose to terrorize her. *See* RSA 633:1, I(c) (1996). The elements of the variant of criminal threatening with which the defendant was charged are that he: (1) acted purposely; (2) by physical conduct placed or attempted to place another in fear of imminent bodily injury or physical contact; and (3) used a deadly weapon. *See* RSA 631:4, I(a), II(a)(2).

Each element of the two offenses differs. The first element of kidnapping, the *mens rea*, is that the defendant acted "knowingly," while the *mens rea* for criminal threatening is that the defendant acted "purposely." The criminal threatening offense, the purported lesser-included offense, thus requires a higher mental state than the kidnapping offense. *See* RSA 626:2 (1996).

█ Moreover, the second and third elements of criminal threatening, placing or attempting to place another in fear of imminent bodily injury or physical contact by physical conduct and use of a deadly weapon, are not elements of kidnapping. It is possible to confine another without engaging

in physical conduct and for a victim to be terrorized without being in fear of imminent bodily injury or physical contact. It is likewise possible to commit the offense of kidnapping without using a deadly weapon. The elements of criminal threatening in this case are thus not a subset of the elements of kidnapping. Consequently, criminal threatening is not a lesser-included offense of kidnapping. *See Liakos*, 142 N.H. at 732.

We next examine whether proof of the criminal threatening and kidnapping indictments, as charged, "in actuality require[d] a difference in evidence." *MacLeod*, 141 N.H. at 429 (quotation omitted). "We review and compare the statutory elements of the charged offenses in light of the actual allegations contained in the indictments." *Id.* at 427.

In this case, proof of the elements as charged requires different evidence. The criminal threatening indictment alleged that the defendant placed or attempted to place his wife "in fear of imminent bodily injury" by placing "a Titan .25 caliber handgun to [her] side and order[ing] her to get in an automobile and drive or he would kill her." The kidnapping indictment, on the other hand, alleged that the defendant "confined another under his control with the purpose to terrorize her" by pointing "a Titan .25 caliber handgun at her, order[ing] her to get into an automobile and drive the defendant to the Holiday Inn in Lebanon, where the defendant displayed a shotgun to [her] and stated that he was going to kill himself."

As charged, each indictment required the State to prove a fact not necessary to the other. The criminal threatening indictment required the State to prove that the wife was "in fear of imminent bodily injury," while the kidnapping indictment did not; the kidnapping indictment required the State to prove that the defendant "confined another under his control with the purpose to terrorize her," while the criminal threatening indictment did not. The elemental evidence required to prove the indictments is thus different, "regardless of the evidence the State elected to produce in support of each charge." *State v. Crate*, 141 N.H. 489, 492 (1996); *see also State v. Nickles*, 144 N.H. 673, 679-80 (2000).

Our conclusion is not altered because, under the facts in this case, both the kidnapping and criminal threatening indictments required proof that the defendant ordered his wife into a car. "[T]he similarity of evidence used to prove some of the elements does not mean that the same evidence is required for all of the elements." *Liakos*, 142 N.H. at 731-32.

Nor are the two offenses the same for double jeopardy purposes because the acts comprising each offense arise from the same course of events. *See Ford*, 144 N.H. at 66. "If a difference in evidence is required to

sustain the offenses charged, the fact that they relate to and grow out of one transaction does not make them a single offense when two or more are defined by statutes." *Heald v. Perrin*, 123 N.H. 468, 471 (1983) (quotation omitted); *see also MacLeod*, 141 N.H. at 429 (aggravated driving while intoxicated and second degree assault were not the same offense for double jeopardy purposes where proof of intoxication was necessary only to the former and excessive rate of speed was necessary only to the latter).

We conclude, therefore, that the two offenses as charged were not the same for double jeopardy purposes.

*Affirmed.*

NADEAU, J., concurred; GROFF, O'NEILL and ARNOLD, JJ., superior court justices, specially assigned under RSA 490:3, concurred.