# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2014-0618, <u>State of New Hampshire v. David Roberts</u>, the court on July 13, 2015, issued the following order:

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, David Roberts, appeals his conviction for reckless driving. <u>See</u> RSA 265:79 (2014) (amended 2014). He argues that the Circuit Court (<u>LeFrancois</u>, J.) erred: (1) when it denied his motion to dismiss the State's complaint; and (2) "when it sua sponte amended the State's complaint during the course of trial in order to support its decision to deny [his] motion to dismiss." We affirm.

We briefly summarize the record before us. On January 14, 2014, Exeter Police Officer Sankowich was parked on the side of the road operating radar when he observed a vehicle approach and pass him at a high rate of speed. Sankowich activated his blue lights and pursued and stopped the vehicle, which was operated by the defendant. As a result of the stop, he issued a complaint, charging the defendant with "Reckless Driving Contrary to RSA 265:79."

After Sankowich was sworn in at trial, defense counsel moved to dismiss the case, arguing that the complaint's lack of specificity violated Part I, Article 15 of the New Hampshire Constitution. The trial court denied the motion and the defendant was subsequently convicted.

On appeal, the defendant renews his argument that the State failed to provide notice as to the conduct that he committed that violated RSA 265:79. At the time of his arrest, RSA 265:79 provided:

> **265:79 Reckless Driving; Minimum Penalty. –** Whoever upon any way drives a vehicle recklessly, or causes a vehicle to be driven recklessly, as defined in RSA 626:2, II(c), or so that the lives or safety of the public shall be endangered, or upon a bet, wager, or race, or who drives a vehicle for the purpose of making a record, and thereby violates any of the provisions of this title or any rules adopted by the director, shall be, notwithstanding the provisions of title LXII, guilty of a violation and fined not less than $500 for the first offense and $750 for the second offense nor more than $1,000 and his or her

license shall be revoked for a period of 60 days for the first offense and from 60 days to one year for the second offense.

The defendant argues that because "RSA 265:79 could be violated in four different ways," the complaint "failed to contain the elements of the offense and enough facts to put [him] on notice as to what specific portion of RSA 265:79 he violated."

The complaint issued by Sankowich was a form complaint that identified "Reckless Driving Contrary to RSA 265:79" as the charged violation. In denying the defendant's motion, the trial court observed:

> Well, looking at the complaint, which alleges reckless driving, contrary to RSA 265:79, and looking at the provisions of 265:79, they're divided by numbers or letters or commas, and the word or -- there are several sections of the statute. The first is, "Whoever upon any way drives a vehicle recklessly, as defined in RSA 626:2, II(c), shall be guilty of a violation." So that's one of the provisions. There are other provisions. "Anyone who drives a vehicle so that the lives or safety of the public are endangered or upon a bet or wager or for the purpose of making a record." So I think the complaint alleges the first section of the statute – "whoever upon any way drives a vehicle recklessly, as defined in RSA 262:2, II(c)." That's what the first section of the statute provides, and that's what the -- I think, a fair notice of what the complaint alleges. It says reckless driving, rather than driving a vehicle recklessly. And it doesn't define recklessly, but recklessly is defined in the statute. So I think the State can go forward on it on that basis.

"An indictment, information or complaint is sufficient if it sets forth the offense fully, plainly, substantially and formally." RSA 601:4 (2001). When reviewing the sufficiency of an indictment, we have observed that "[t]he question is not whether the indictment could be more certain and comprehensive, but . . . whether it contained the elements of the offense and enough facts to warn the accused of the specific charges against him." State v. Hermsdorf, 135 N.H. 360, 366 (1992). An indictment is generally sufficient if it uses the language of the applicable statute, but "it need not state the specific means by which the crime was carried out." Id. We have also held that an amendment to a criminal complaint, made after the trial had begun, did not prejudice a defendant's rights if the defendant had "a fair opportunity to prepare his defense and to meet the case against him." State v. Crockett, 116 N.H. 324, 325 (1976).

Given the record before us, we conclude that the trial court did not err in denying the defendant's motion to dismiss. We need not determine whether RSA 265:79 creates four separate offenses to decide this case. Because, even if we

2

assume that the defendant is correct, the complaint was sufficient to charge him with the first variant. The complaint alleged that on January 14, 2014, at 0050 PM, the defendant committed a violation: "Reckless Driving Contrary to RSA 265:79." When asked by the trial court, defense counsel admitted that he had received the requisite discovery from the State, which included the police report. He also conceded that he had not requested a bill of particulars. Nor did he request a continuance. Accordingly, he has failed to establish that he did not have a fair opportunity to prepare his defense and to meet the case against him.

The defendant also argues that the trial court "violated Part I, Article 15 and Part I, Article 37 of the New Hampshire Constitution when it sua sponte amended the State's complaint during the course of trial." He argues that, in explaining its ruling on the defendant's motion to dismiss, the trial court "narrowed the charge to one theory of prosecution" and "caused the defendant to create a defense on the fly, did not permit him to have a prepared defense to present at trial and affected the outcome of the proceeding." Given our foregoing analysis, we find this argument unpersuasive.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3