# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0607, <u>State of New Hampshire v. Stephen Droney</u>, the court on November 26, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, Stephen Droney, appeals his convictions in the Circuit Court (<u>Burns</u>, J.) for: (1) driving after revocation or suspension of his driver's license, subsequent offense, pursuant to RSA 263:64, VI (2024); and (2) driving after revocation or suspension of his driver's license following a Driving Under Influence of Drugs or Liquor (DUI) conviction pursuant to RSA 263:64, IV (2024). On appeal, the defendant argues that the trial court erred by permitting the State to amend its complaint after resting its case and that his convictions on both charges violated his right against double jeopardy under the State Constitution. We affirm.

I.    <u>Facts</u>

The following facts are supported by the record or otherwise undisputed by the parties. On May 5, 2022, a law enforcement officer initiated a traffic stop of the defendant's vehicle. During the stop, the officer discovered multiple active suspensions of the defendant's license, including one related to the defendant's failure to reinstate his license following a 2013 DUI conviction that resulted in an 18-month suspension. The defendant was arrested and charged, as relevant to this appeal, with: (1) driving after his license was suspended in 2013, after having been previously convicted of operating after suspension in December 2019, <u>see</u> RSA 263:64, VI; and (2) driving after his license was revoked in December 2013 for a violation of RSA 265-A:2, which prohibits driving under the influence of drugs or liquor. <u>See</u> RSA 263:64, IV; RSA 265-A:2 (2024).

At trial, after the State rested its case, the defendant moved to dismiss the second charge for driving after license revocation following a DUI conviction. The defendant claimed that the Director of Motor Vehicles initially suspended the defendant's license in <u>September 2013</u>, but that the State's complaint erroneously alleged that his license was initially suspended in <u>December 2013</u>. Therefore, he contended, the charge should be dismissed because: (1) the date of suspension is an element of the offense that the State was required to prove beyond a reasonable doubt; and (2) the State failed to meet its burden of proof because the complaint cited the December 2013 date

rather than the correct September 2013 date of suspension. In response, the State moved to amend its complaint to correct the date to September 17, 2013. Over the defendant's objection, the court granted the State's motion to amend the complaint and denied the motion to dismiss. Subsequently, the court issued a written order finding the defendant guilty on both charges, held a sentencing hearing, and imposed sentences for both convictions. This appeal followed.

II.     Analysis

On appeal, the defendant contends that the trial court erred by permitting the State to amend the complaint. Specifically, he argues that he "could not prepare his defense to address a complaint that was amended after the State rested and in response to a Motion to Dismiss" because: (1) the date the Director of Motor Vehicles initially suspended the defendant's license is an element under RSA 263:64, IV that the State was required to prove at trial; and (2) the defendant relied on the date originally specified in the complaint when preparing his defense.

We review the trial court's decision to permit the State to amend a criminal complaint under the unsustainable exercise of discretion standard. See State v. Crockett, 116 N.H. 324, 324-25 (1976) (reviewing the trial court's decision to allow the State to amend a complaint for "an abuse of discretion"); cf. State v. Lambert, 147 N.H. 295, 296 (2001) (explaining the "unsustainable exercise of discretion" standard). Under the unsustainable exercise of discretion standard, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. Lambert, 147 N.H. at 296.

To determine whether the trial court properly permitted the State to amend its complaint, the critical issue is whether the ruling deprived the defendant of a fair opportunity to prepare his defense and meet the case against him. Crockett, 116 N.H. at 325. In Crockett, we held that an amendment to a criminal complaint made after trial had commenced did not prejudice the defendant's case because the State amended its complaint before the defense began, the defendant did not request a continuance, and the defendant did not demonstrate that "the additional evidence or the amendment of the complaint was prejudicial." Id.

RSA 263:64, IV provides: "Any person who violates this section by driving or attempting to drive a motor vehicle . . . during the period of suspension or revocation of his or her license or driving privilege for a violation of," inter alia, RSA 265-A:2, I, "shall be guilty of a misdemeanor." RSA 263:64, IV. We have previously held that in order to be convicted of misdemeanor driving after suspension or revocation, the State must prove: (1) the defendant's license to

2

drive had been suspended or revoked; (2) the defendant drove a motor vehicle after such suspension; and (3) the defendant did so with knowledge of the revocation or suspension of his license to drive. State v. Mercon, 174 N.H. 261, 265 (2021). Additionally, the State must prove that the suspension was for a violation of 265-A:2, Driving or Operating under Influence of Drugs or Liquor, to convict a defendant for the variant of RSA 263:64, IV charged here. See RSA 263:64, IV; RSA 265-A:2. The statutory language and the case law interpreting the language make clear that the date upon which the State initiated the suspension is not an element of the offense.

Here, the State amended the complaint to correct the date that the Director of Motor Vehicles initially suspended the defendant's license from December 2013 to September 2013. It is undisputed that the defendant's license was suspended or revoked following his aggravated DUI conviction and that he never reinstated his license thereafter. Consequently, whether the "period of suspension or revocation" of the defendant's license began in September or December 2013 is immaterial to the allegation that the defendant drove during a period of suspension when law enforcement stopped him in May 2022. Therefore, we are not persuaded by the defendant's argument that the amendment prejudiced his rights.

Additionally, the record indicates that the defendant received the requisite discovery materials. The prosecution provided the defense with copies of the certified motor vehicle record and the certified copy of the DUI conviction prior to trial. Although the prosecution provided the DUI conviction just one day before the trial, nothing in the record suggests that the one-day notice prejudiced the defendant's ability to prepare his defense and meet the case against him, given that the date upon which the suspension began is not an element of the charge. See Crockett, 116 N.H. at 325. Lastly, the State moved to amend the complaint before the defense began its case, and the defense did not request a continuance. Therefore, we conclude that the trial court sustainably exercised its discretion in allowing the State to amend its complaint. See Lambert, 147 N.H. at 296.

The defendant next argues that the trial court violated his right to be free from double jeopardy under the State Constitution by sentencing him for two separate offenses that arose from a single act of driving during a period of suspension. See N.H. CONST. pt. I, art. 16. Specifically, he contends: (1) RSA 263:64, VI constitutes a sentence enhancement provision; and (2) the defendant's sentence for his conviction under RSA 263:64, IV already included the sentence enhancement triggered by this provision. Therefore, he argues, the trial "court should not have convicted him of a separate offense for the same conduct as it had already applied the sentencing enhancements under the statute."

3

The defendant's argument raises a double jeopardy question, which is a question of constitutional law subject to de novo review. State v. Maxi, 176 N.H. 455, 459 (2024), 2024 N.H. 8, ¶8. Here, we confine our analysis to the State Constitution because the defendant has not raised a claim under the Federal Constitution. Id. Part I, Article 16 of the New Hampshire Constitution protects a defendant from being punished twice for the same offense. N.H. CONST. pt. I, art. 16; Maxi, 176 N.H. at 460, 2024 N.H. 8, ¶8. Two offenses will be considered the same for double jeopardy purposes unless each requires proof of an element that the other does not. Maxi, 176 N.H. at 460, 2024 N.H. 8, ¶9. We focus upon whether proof of the elements of the crimes as charged will in actuality require a difference in evidence. Id. When addressing this inquiry, we review and compare the statutory elements of the charged offenses in light of the actual allegations contained in the charging instrument. Id.

The defendant was convicted and sentenced under RSA 263:64, IV, which provides:

> Any person who violates this section by driving or attempting to drive a motor vehicle . . . during the period of suspension or revocation of his or her license or driving privilege for a violation of RSA 265-A:2 . . . shall be guilty of a misdemeanor . . . .

As charged in the complaint, the State had to prove that the defendant did:

> Knowingly drive a vehicle upon a way, to wit, Route 3A in the Town of Bow, New Hampshire, after his driver's license had been revoked by the Director of Motor Vehicles for the State of New Hampshire on December 12, 2013 for a violation of RSA 265:A-2, Driving under the influence of Drugs and Liquor.

The defendant was also convicted and sentenced under RSA 263:64, VI, which provides:

> Any person who violates the provisions of this section shall be guilty of a misdemeanor upon conviction based upon a complaint which alleged that the person has had one or more prior convictions for driving after revocation or suspension . . . within the 7 years preceding the date of the second or subsequent offense.

As charged in the complaint, the State had to prove that the defendant did:

> Knowingly drive a vehicle on Route 3A, a way in the said Town of Bow, New Hampshire, after the Director of Motor Vehicles for the

4

State of New Hampshire suspended his license to drive on December 12, 2013 having been previously convicted of Operating After Suspension on December 9, 2019 in the Franklin District Court.

The language in the complaints establishes that the "proof of the elements as charged requires different evidence." Maxi, 176 N.H. at 462, 2024 N.H. 8, ¶14 (quotation omitted). The RSA 263:64, IV charge required the State to prove that the defendant's license was "revoked . . . for a violation of RSA 265-A:2, Driving under the influence of Drugs and Liquor." The RSA 263:64, VI charge, read in light of the applicable complaint, required the State to prove the defendant had "been previously convicted of Operating After Suspension on December 9, 2019."

Accordingly, evidence that the defendant's license was revoked "for a violation of RSA 265-A:2, Driving under the influence of Drugs or Liquor" was essential to sustain the RSA 263:64, IV charge but not the RSA 263:64, VI charge. Similarly, evidence that the defendant was "previously convicted of Operating After Suspension on December 9, 2019" was essential to sustain the RSA 263:64, VI charge but not the RSA 263:64, IV charge. Thus, the defendant's double jeopardy rights were not violated because the evidence required to prove the elements of each offense, as charged in the complaints, was different. See Maxi, 176 N.H. at 462, 2024 N.H. 8, ¶ 15. Because we conclude that the defendant's convictions and sentences did not violate his double jeopardy rights, we have no occasion to address whether RSA 263:64, VI constitutes a sentence enhancement provision. Accordingly, we affirm.

Affirmed.

BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**

5