**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0333, <u>State of New Hampshire v. Elaine Flanagan</u>, the court on December 6, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Elaine Flanagan, appeals her conviction following a <u>de</u> <u>novo</u> jury trial in the Superior Court (<u>Messer</u>, J.) on one misdemeanor count of violating a protective order. <u>See</u> RSA 173-B:9, III (2022). The defendant argues that: (1) she was convicted for an offense she did not commit; (2) the State presented insufficient evidence to prove that her violation was done knowingly; and (3) the protective order was ambiguous. We affirm.

I.   <u>Background</u>

The jury could have found, or the record otherwise supports, the following facts. The victim and the defendant were next-door neighbors. In June 2019, the Circuit Court (<u>Tenney</u>, J.) issued a Stalking Final Order of Protection pursuant to RSA 633:3-a (2016 & Supp. 2023) prohibiting the defendant from being within 300 feet of the victim. The protective order states that the 300-foot prohibition does not apply when the defendant "is on her own property."

In October 2019, the defendant sought the advice of the town's Police Chief to clarify the parameters of the protective order. The Police Chief testified that he told the defendant that if she were to leave her property and turn to the right — toward the victim's property — then she would likely be in violation of the order. The Police Chief advised the defendant to exit to the left — away from the victim's property — each time she left her home.

A few days after the discussion with the Police Chief, the defendant exited her home and walked to a neighbor's house on the same block. She turned to the right and began walking toward the neighbor's house, passing in front of the victim's house. The victim was in his yard at the time. He and the defendant made eye contact while they were approximately twenty feet apart. After the defendant passed in front of his house, the victim called the police. The police arrived shortly thereafter and arrested the defendant. The complaint charged her with violating a protective order contrary to RSA 173-B:9.

The Circuit Court (Tenney, J.) found the defendant guilty after a bench trial. The defendant appealed to the superior court for a de novo jury trial. See RSA 599:1 (Supp. 2023). After a jury found the defendant guilty of violating the protective order, the court imposed a fine. This appeal followed.

II. Analysis

The defendant raises several challenges on appeal. First, the defendant argues that charging her under RSA chapter 173-B "resulted in her conviction of an offense that she did not commit." The defendant did not raise this issue in the trial court and seeks review under the plain error rule. See Sup. Ct. R. 16-A. To find plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights. State v. Maxi, 176 N.H. 455, 459 (2024), 2024 N.H. 8, ¶7. If all three conditions are met, we may then exercise our discretion to correct a forfeited error only if the error meets a fourth criterion: the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. Id.

The criminal complaint against the defendant lists the offense committed as a violation of RSA 173-B:9. RSA 173-B:9, III provides:

A person shall be guilty of a class A misdemeanor if such person knowingly violates a protective order issued under this chapter, or RSA 458:16, III, or any foreign protective order enforceable under the laws of this state. Charges made under this chapter shall not be reduced to a lesser charge, as permitted in other instances under RSA 625:9.

The defendant argues that because the protective order that she violated was issued under RSA 633:3-a, III-a, which is not among those listed in RSA 173-B:9, the State did not prove an element of the offense.

Resolution of this issue requires us to engage in statutory interpretation. We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. St. Onge v. Oberten, LLC, 174 N.H. 393, 395 (2021). We give effect to every word of a statute whenever possible and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We also construe all parts of a statute together to effectuate its overall purpose. Id. However, we do not construe statutes in isolation; instead, we attempt to construe them in harmony with the overall statutory scheme. Id.

2

RSA 633:3-a, III-a provides:

> A person who has been the victim of stalking as defined in this section may seek relief by filing a civil petition in the district court in the district where the plaintiff or defendant resides. Upon a showing of stalking by a preponderance of the evidence, the court shall grant such relief as is necessary to bring about a cessation of stalking. The types of relief that may be granted, the procedures and burdens of proof to be applied in such proceedings, the methods of notice, service, and enforcement of such orders, and the penalties for violation thereof shall be the same as those set forth in RSA 173-B.

RSA 633:3-a, III-a (emphasis added).

RSA 173-B:9, in turn, establishes the penalty for violation of a protective order. Because the "methods of . . . enforcement" and "penalties" for violating civil stalking protective orders are the "same as" those for violating a protective order under RSA chapter 173-B, there was no plain error. RSA 633:3-a, III-a. RSA chapter 173-B requires proof that a protective order has been issued against the defendant, the defendant violated it, and the defendant acted knowingly. See RSA 173-B:9, III. Here, the jury was instructed on each of these elements. The defendant was properly convicted for violation of the civil stalking order as defined by RSA 633:3-a, III-a.

The defendant next argues that there was insufficient evidence to support the jury's verdict that she knowingly violated the order. When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State. State v. Pierce, 176 N.H. 487, 492 (2024), 2024 N.H. 12, ¶18. The trier of fact may draw reasonable inferences from facts proved as well as from facts found as the result of other inferences, provided they can be reasonably drawn therefrom. Id. We examine each evidentiary item in the context of all the evidence, and not in isolation. Id. Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is de novo. Id.

The protective order in this case prohibits the defendant from, among other things, being within 300 feet of the victim, "unless she is on her own property." As noted, the jury was instructed that the defendant had to "knowingly" violate the order. A defendant acts knowingly when she is aware that it is practically certain that her conduct will cause a prohibited result. See RSA 626:2, II(b) (2016); State v. Hall, 148 N.H. 394, 398 (2002).

3

The jury heard evidence that the defendant walked directly in front of the victim's house, came within twenty feet of the victim, and made eye contact with him. Based on this evidence, the jury could have reasonably found that the defendant was aware of her actions and that they were in violation of the protective order. See Pierce, 176 N.H. at 493, 2024 N.H. 12, ¶19 (explaining that where a defendant challenges the sufficiency of the evidence, "[t]he proper analysis is not whether every possible conclusion consistent with innocence has been excluded, but, rather, whether all reasonable conclusions based upon the evidence have been excluded"). Therefore, we find no error. To the extent the defendant argues that the language of the protective order is ambiguous, that issue could have been raised before the circuit court when the order was issued, either at the initial hearing or on reconsideration. See Dist. Div. R. 1.8(A), (I).

Affirmed.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**